IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD C. KELLEY,            :
    Plaintiff            :
                :
    v.                 :   CIVIL NO. 4:CV-04-1851
                :
                :   (Judge Jones)
SCI FRACKVILLE               :
ADMINISTRATORS, ET AL.,      :
    Defendants           :

## ORDER

January 27 , 2006

**Background**

    This pro se civil rights action was initiated by Edward C. Kelley

("Plaintiff" or "Kelley"), an inmate presently confined at the State Correctional

Institution, in Frackville, Pennsylvania ("SCI-Frackville").  Kelley has filed an

amended complaint wherein he alleges that officials at SCI-Frackville and his

prior place of confinement, the State Correctional Institution, in Waymart,

Pennsylvania denied him adequate mental health treatment and interfered with his

right of access to the courts.

    Presently pending before the Court is Plaintiff's Motion requesting

Preliminary Injunctive Relief.  (Rec. Doc. 32).  Kelley's motion initially asserts

that he sent a request to an unidentified prison counselor for the purpose of

having a filing fee sent to the United States Court of Appeals for the Third

Circuit. Plaintiff indicates that although his counselor indicated that the payment had been sent, he was informed by the Court of Appeals that his filing fee was never received. Kelley's motion also maintains that on June 29, 2005, a piece of legal mail was opened outside of his presence. His motion does not specify what relief he is requesting from this Court.

Thereafter, Plaintiff submitted a declaration and memorandum in support of his motion. (Rec. Doc. 37). It is initially noted that such submissions do not support or even address the contentions set forth in the motion. Rather, Kelley claims that his transfer to SCI-Frackville was retaliatory, he is not being afforded adequate mental health treatment, medical care for his eye disease is not being provided, the conditions of his confinement are unconstitutional, and there has been interference with his right of access to the courts.

In an opposing brief, Defendants state that a review of the docket clearly demonstrates that Plaintiff has made numerous filings throughout the pendency of this action, thus contradicting his assertion of being denied access to the courts. Second, they note that Plaintiff is kept under close observation by correctional officers and routinely undergoes psychological and psychiatric examinations and reviews. They add that the prison's psychiatric staff was considering the possibility of having Kelley involuntarily committed to a mental health facility.

A sworn declaration by SCI-Frackville Medical Records Technician Jennifer Mateyak adds that Kelley has been diagnosed has having Antisocial

Personality Disorder and has a history of manipulative suicide gestures and refusals to eat, shower and take medication in an effort to obtain a transfer from SCI-Frackville.

## Discussion

Preliminary injunctive relief is extraordinary in nature, and is discretionary with the trial judge. Orson, Inc. v. Miramax Film Corp., 836 F. Supp. 309, 311 (E.D. Pa. 1993) (citing Skehan v. Board of Trustees of Bloomsburg State College, 353 F. Supp. 542 (M.D. Pa. 1973)).  In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors:  (1) the likelihood that the applicant will prevail on the merits; (2) the extent to which the movant is being irreparably harmed by the challenged conduct; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. S & R Corp. v. Jiffy Lube Int'l, Inc., 968 F.2d 371, 374 (3d Cir. 1992) (citing Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 197-98 (3d Cir. 1990)); Instant Air Freight v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989); Premier Dental Prods. Co. v. Darby Dental Supply Co., 794 F.2d 850, 852 (3d Cir. 1986), cert. denied, 479 U.S. 950 (1986).  It is the moving party who bears the burden of demonstrating these factors. See Dorfman v. Moorhous, No. Civ. A. 93-6120, 1993 WL 483166, at *1 (E.D. Pa., Nov. 24, 1993).

Perhaps the most important prerequisite for the issuance of a preliminary injunction is a demonstration that, if it is not granted, the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered. Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 356 (3d Cir. 1980). The Third Circuit Court of Appeals has defined irreparable injury as "potential harm which cannot be redressed by a legal or equitable remedy following a trial." Instant Air Freight, 882 F.2d at 801. A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." Id.

The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunction is to be issued. SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985). Speculative injury does not constitute a showing of irreparable harm. Continental, 614 F.2d at 359; see also Public Serv. Co. v. West Newbury, 835 F.2d 380, 383 (1st Cir. 1987). Nor does it appear that the temporary loss of income, ultimately to be recovered, is enough to constitute irreparable harm. "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Instant Air Freight, 882 F.2d at 801 (quoting Sampson v. Murray, 415 U.S. 61, 90 (1964)).

Based on an application of the above standards to the Plaintiff's requests

for preliminary injunctive relief, this Court is not satisfied that Kelley has

satisfied his burden of showing that he will prevail on the merits.  Second, Kelley

generally contends that he is being subjected to unconstitutional conditions of

confinement; however, he fails to set forth any specific deprivation.  While

Plaintiff avers that he has lost weight, he has previously admitted to having been

on a hunger strike.  In conclusion, his vague assertions of unconstitutional

conditions of confinement are an insufficient basis to award preliminary

injunctive relief.

With respect to his medical treatment, the only discernible claim is the

prisoner's contention has been denied a right contact lens.  However, there is no

indication that the current status of Plaintiff's eyesight is so poor that it is

adversely affecting his everyday life.  More importantly, in his original complaint

Plaintiff acknowledged that he does have contact lenses.  (Rec. Doc. 1, ¶ IV).

Furthermore, this Court agrees that the docket of this action, specifically the

numerous filings made by Plaintiff throughout the pendency of this matter,

clearly undermines Kelley's contention that he is being denied paper and other

legal materials.  It is additionally noted that the required filing fee for this matter

was forwarded to the Court in a timely manner and there is no claim that the Third

Circuit Court of Appeals dismissed any matter due to Kelley's failure to pay a

filing fee.  Thus, this Court is satisfied that Plaintiff's vague allegations of denial

of access to the courts also fail to satisfy the danger of irreparable injury

requirement needed for an award of preliminary injunctive relief.

Finally, this Court is also satisfied, for purposes of this request for preliminary injunctive relief, that Kelley is presently being afforded psychological/psychiatric treatment and counseling to the extent that there is no danger that he will suffer irreparable harm prior to the resolution of this matter. In conclusion, based on Plaintiff's failure to demonstrate either a likelihood of success on the merits of this case or that he will suffer irreparable injury if not granted immediate relief, his Motion for Preliminary Injunctive Relief will be denied.

**NOW, THEREFORE, IT IS ORDERED THAT**:

1.  Plaintiff's Motion for Preliminary Injunctive Relief (doc. 32) is DENIED.

JOHN E. JONES III
United States District Judge