IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD C. KELLEY, : |  |
|     Plaintiff : |  |
| : |  |
| v. : | CIVIL NO. 4:CV-04-1851 |
| : |  |
| : | (Judge Jones) |
| SCI -FRACKVILLE : |  |
| ADMINISTRATORS, <u>ET AL.</u>, : |  |
|     Defendants : |  |

## **MEMORANDUM AND ORDER**

February 13, 2006

**Background**

    Edward C. Kelley ("Plaintiff" or "Kelley"), an inmate presently confined at the State Correctional Institution, in Frackville, Pennsylvania ("SCI-Frackville"), initiated this <u>pro se</u> civil rights action. Following service of the original complaint, Plaintiff filed a motion requesting leave to submit an amended complaint. By Order dated April 4, 2005, Kelley's motion was granted and Defendants' motion to dismiss the original complaint was denied as moot.

    On April 11, 2005, Kelley filed an amended complaint. Named as Defendants therein are: SCI-Frackville, "Administrators and Staff" at his prior place of confinement, the State Correctional Institution, in Waymart, Pennsylvania ("SCI-Waymart"), and the Central Office Executive Staff.[1] (Rec. Doc. 22, at 1).

    Kelley's amended complaint generally alleges that he was denied adequate

---

[1] It is noted that the original complaint named various individual Pennsylvania state correctional officials as Defendants.

medical treatment at both prisons. Specifically, Plaintiff asserts that due to the failure of prison officials to provide him adequate mental health treatment, he is not eating or taking care of himself and has become suicidal. He next claims that SCI-Frackville staff have interfered with his right of access to the courts by destroying his legal papers and denying him access to writing paper. His amended complaint does not set forth what type of relief is being sought.[2]

Presently pending before the Court is Defendants' motion seeking dismissal of the amended complaint. (Rec. Doc. 23). The motion is ripe for consideration.

**Discussion**

Defendants seek dismissal of the amended complaint on the grounds that: (1) Kelley's claims, to the extent that he seeks monetary damages, are barred by the Eleventh Amendment and (2) the amended complaint, to the extent that it may seek injunctive relief, is inadequate because none of the named Defendants are persons for purposes of § 1983.

Since the submission of Defendants' supporting brief, Plaintiff has made various filings, including a motion for partial summary judgment, indicating that he is opposed to the proposed dismissal of his amended complaint. However, none of Kelley's filings address Defendants' pending arguments for dismissal.[3]

---

[2] The original complaint sought injunctive relief and compensatory damages.

[3] In one submission, Plaintiff indicates that he wishes to appeal the dismissal of his action (doc. 26), other filings request that SCI-Frackville and the DOC be abolished, (doc. 34) that Kelley be deemed a citizen of no nation, (doc. 30) and that he should be considered a member of "Al-
(continued...)

2

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the plaintiff's allegations. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), the Court of Appeals for the Third Circuit added that when considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

"The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled to relief." Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993) (citation omitted). Additionally, a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them." Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990); Independent Enters., Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1168 (3d Cir. 1997). Finally, it is additionally well-settled that pro se complaints should be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). This Court will now discuss Defendants' motion in light of the standards set forth above and Rule 12(b)(6) of

---

[3](...continued)
Qiada" (doc. 60).

the Federal Rules of Civil Procedure.

### A. Eleventh Amendment

Defendants argue that the claims against them should be dismissed on the grounds that they are immune from suit under the Eleventh Amendment. The United States Supreme Court has ruled that a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978). The Court of Appeals for the Third Circuit has similarly concluded that the Pennsylvania Board of Probation and Parole could not be sued because "it is not a 'person' within the meaning of Section 1983." Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977).

In Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), the Supreme Court reiterated its position that state agencies are not "persons" subject to liability in § 1983 actions brought in federal court. The Court noted that a § 1983 suit against a state official's office was "no different from a suit against the State itself." Id. at 71. "Will establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court." Howlett v. Rose, 496 U.S. 356, 365 (1990).

Similarly, a prison or correctional facility is not a person within the meaning of § 1983. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir.

4

1973)(prison medical department is an agency of the state and therefore not a proper defendant for purposes of § 1983); Philogene v. Adams County Prison, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997) (Rambo, C.J.); Sponsler v. Berks County Prison, Civ. A. 95-1136, 1995 WL 92370, at *1 (E.D. Pa. Feb. 28, 1995).

Pursuant to the above discussion, SCI-Waymart, SCI-Frackville, Central Office Executive Staff, SCI-Frackville Administrators, SCI-Frackville Staff and the SCI-Frackville Medical Department, as agencies or arms of the Commonwealth of Pennsylvania, are not persons and may not be sued under § 1983. See Thompkins v. Doe, No. 99-3941, slip op. at 3 (3d Cir. March 16, 2000) (a state prison and a department within the prison are not persons and may not be sued under § 1983). Entry of dismissal in favor of those Defendants is appropriate.

### B. Personal Involvement

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990); Frazier v. Southeastern Pennsylvania Transp. Auth., 785 F.2d 65, 68 (3d Cir. 1986)(a civil

5

rights complaint should allege the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials).

Civil rights claims brought cannot be premised on a theory of <u>respondeat superior</u>.  <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim.  <u>See</u> <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077 (3d Cir. 1976).  As explained in <u>Rode</u>:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

<u>Rode</u>, 845 F.2d at 1207.

The named Defendants include the SCI-Waymart Administrators and Staff and the Camp Hill Central Office (presumably the Pennsylvania Department of Corrections) Executive Staff.[4]  A review of the complaint establishes that there are no allegations of constitutional misconduct directly asserted against any specific individuals.  Moreover, Kelley does not provide the name of any prison or

---

[4] John Doe defendants may be allowed "to stand in for the alleged real parties until discovery permits the intended defendants to be installed."  <u>Johnson v. City of Erie</u>, 834 F. Supp. 873, 878 (W.D. Pa. 1993) (citations omitted).  However, since the original complaint provided the names of numerous correctional officials who were listed as the original Defendants, it does not appear that the names of the administrators and staff named as Defendants in the amended complaint were unknown to Kelley.

DOC official anywhere in his amended complaint. Based on a review of the amended complaint, it appears that Plaintiff is attempting to establish liability against some correctional staff solely based upon their supervisory roles.

Due to the failure of the Plaintiff to name any actual persons as Defendants, his amended complaint fails to satisfy the basic notice pleading requirements of § 1983 and is subject to dismissal. It is additionally noted that the amended complaint is also flawed in that it fails to indicate what type of relief Kelley is seeking.

### C. Access to the Courts

It is well-settled that prison inmates have a constitutional right of meaningful access to law libraries, legal materials or legal services. Bounds v. Smith, 430 U.S. 817, 821-25 (1977). Failure to provide inmates with legal research material or trained legal assistance can constitute a constitutional violation. Gluth v. Kangas, 951 F.2d 1504, 1507 (9th Cir. 1991). A recent opinion by the United States Supreme Court, Lewis v. Casey, 518 U.S. 343, 351-54 (1996), clarified that an inmate plaintiff, in order to set forth a viable claim under Bounds, must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded. A plaintiff must also allege an actual injury to his litigation efforts.

A review of the amended complaint reveals that Plaintiff has not satisfied his burden under Lewis of demonstrating that he suffered an actual injury to a

non-frivolous litigation effort. Therefore, his denial of access to the courts claim, even if asserted against a properly named defendant, could not proceed.

### D.     Mental Health Treatment

It is also noted that in addressing Plaintiff's request for preliminary injunctive relief, this Court's January 27, 2006 Order noted that an unopposed document submitted by Defendants established that Kelley has a Personality Disorder and a history of manipulative suicide gestures and refusals to eat, shower, and take medication. (Rec. Doc. 62 at 3).

Furthermore, the Order added that Plaintiff undergoes regular psychiatric and psychological exams, is kept under close observation, and was being considered for commitment to a mental health facility. Those factors clearly undermine Plaintiff's vague claim of deliberate indifference to his mental health problems.

## Conclusion

Pro se parties are accorded substantial deference and liberality in federal court. Haines v. Kerner, 404 U.S. 519 (1972); Hughes v. Rowe, 449 U.S. 5 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. An amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the complaint previously filed. Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

Generally speaking, the purpose of an amended complaint is to cure

8

deficiencies which exist in the original complaint.  However, in the present case, Kelley has submitted an amended complaint which is clearly inadequate, cannot stand by itself, and is vastly inferior to his original complaint.  Defendants' motion to dismiss the amended complaint will be granted.

**NOW, THEREFORE, IT IS ORDERED THAT**:

1. Defendants' Motion to Dismiss (doc. 23) is GRANTED.
2. The Clerk of Court is directed to CLOSE the case.
3. Based on the Court's decision, all other pending motions are dismissed.
4. Any appeal from this order will be deemed frivolous, without probable cause, and not taken in good faith.

s/ John E. Jones III
JOHN E. JONES  III
United States District Judge